United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIE ANN WOLF,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A., also known as Wachovia Mortgage, formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, and NDEX WEST, LLC,

    Defendants.

                                   /

No. C 11-01337 WHA

**ORDER DENYING MOTION TO REMAND, GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, AND DENYING AS MOOT MOTION TO DISMISS**

After removal of this action from state court, defendant Wachovia Mortgage filed a motion to dismiss plaintiff's complaint (Dkt. Nos. 6 and 12). Plaintiff, initially proceeding *pro se*, then filed two submissions captioned "opposition to motion to removal of action [and] motion to remand," and "dismissal of federal claims [and] removal of LSI Title Company from list of defendants in complaint" (Dkt. Nos. 14–15).

In the latter submission, plaintiff attempted to "dismiss[] causes of action . . . for Federal Truth in Lending Act (TILA) violation and Real Estate Settlement Protection Act (RESPA) Ch. 10, and Unfair, Deceptive Acts and Practices (UDAP), Racketeering Influenced and Corrupt Organizations (RICO), without prejudice." Plaintiff also requested "the removal of Defendant L.S.I. Title Company from the list of Defendants." Based thereon, plaintiff moved to remand this action to state court. L.S.I. Title Company was terminated as a party on the docket. Defendant responded to the motion to remand (Dkt. No. 18).

As background, plaintiff's original complaint was captioned "emergency petition for relief/preliminary injunction/stay of action, motion to set aside/vacate illegal foreclosure sale/seizure of property." There are no specific claims set out in the complaint. Plaintiff therein alleged, without more, that defendants have violated "TILA, RESPA, and the RICO Act."

Plaintiff then acquired counsel, and plaintiff's counsel filed a motion for leave to file an amended complaint (Dkt. Nos. 24–26). Defendant filed a statement of non-opposition to the motion for leave to file an amended complaint (Dkt. No. 28). Plaintiff's counsel filed a reply in support of the motion to remand (Dkt. No. 30). This order takes each of the three pending motions in turn.

*First*, plaintiff's motion to remand is **DENIED**. Jurisdiction existed at the time of removal based on federal question and diversity jurisdiction and continues to exist based on diversity jurisdiction. Plaintiff's reply in support of the motion confuses the requirements for whether a party is subject to personal jurisdiction in our district and whether subject-matter jurisdiction exists. Defendants do not contest personal jurisdiction. Removal jurisdiction at the time the notice of removal was filed was unaffected by plaintiff's change of course thereafter to pursue only state-law claims, which moreover does not affect diversity jurisdiction. Plaintiff's counsel do not even address federal question jurisdiction at removal in their reply. Counsel's argument in reply concerning supplemental jurisdiction is additionally inapplicable because original jurisdiction is not lacking.

*Second*, plaintiff's motion for leave to file an amended complaint is **GRANTED**. Plaintiff's counsel shall file the proposed amended complaint as the first amended complaint on the docket by **JULY 15, 2011**.

This order shall note that in plaintiff's reply in support of the motion to remand counsel requests leave to add different claims in addition to those contained in the proposed first amended complaint. *After* plaintiff's first amended complaint is filed, plaintiff can file a *new* motion for leave to file an amended complaint, appending a proposed second amended complaint thereto, and identifying what is new. Plaintiff has not made such a motion as yet, however. Plaintiff's

2

1  counsel shall file what was submitted as a proposed first amended complaint, though counsel may
2  change the caption to reflect the correct court.

3      *Third*, defendant's motion to dismiss the original complaint is **DENIED AS MOOT**.

4      A case management conference is scheduled for **AUGUST 11, 2011, AT 11:00 A.M.**  The
5  parties shall file a joint case management statement at least seven days prior.

6      **IT IS SO ORDERED.**

8  Dated: July 13, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3