United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIE ANN WOLF,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, AND FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, NDEX WEST, LLC, GOLDEN SAVINGS ASSOCIATION SERVICE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., GUARANTEE MORTGAGE, and DOES 1 through 100, inclusive,

    Defendants.

No. C11-01337 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE NOTICE OF PENDING ACTION, DENYING DEFENDANTS' ATTORNEY'S FEES, AND VACATING HEARING**

**INTRODUCTION**

In this foreclosure dispute, defendants Wachovia Mortgage, Golden West Savings, and MERS move to expunge notices of pending action and request attorney's fees in conjunction with this motion. For the reasons stated below, the motion to expunge is **GRANTED**. Defendants' request for attorney's fees is **DENIED**.

**STATEMENT**

Defendants participate in the mortgage-servicing business. Plaintiff Julie Ann Wolf acquired a one-third interest in the subject property in San Mateo upon the death of her father.

In June 2007, plaintiff obtained a $510,000 loan at a 7.300% interest rate from World Savings Bank, FSB (now Wachovia Mortgage, a division of Wells Fargo Bank, N.A.). The loan was secured by a first priority deed of trust against the subject property listing Golden West Savings Association Service Co. as the trustee and World Savings as the beneficiary, and it was recorded by a promissory note. Defendant Mortgage Electronic Registration Systems, Inc. was the initial nominal beneficiary on the Deed of Trust (First Amd. Compl. ¶¶ 2–4, 10, 21).

Plaintiff fell behind on her mortgage payments, allegedly due in part to accounting mistakes by the defendants. In August 2010, plaintiff filed for Chapter 7 bankruptcy, and she received a discharge in November 2010 (*id.* ¶ 22). A notice of default was recorded on the loan, and then a trustee's sale was held in December 2010, at which Wachovia was the purchaser of the property.

Plaintiff commenced this action in San Mateo County Superior Court in December 2010. Defendant removed the action in March 2011 (Dkt. No. 1). Plaintiff then filed an amended complaint in July alleging fourteen claims: (1) breach of fiduciary duty; (2) breach of the covenant of good faith and fair dealing; (3) deceit in violation of California Civil Code Sections 1709–1710; (4) violation of Business and Professions Code Section 17200; (5) promissory estoppel; (6) fraud by intentional misrepresentation; (7) fraud by concealment; (8) unjust enrichment; (9) quiet title; (10) violation of the California Rosenthal Act; (11) declaratory relief; (12) rescission/cancellation of void instrument; (13) accounting; and (14) violation of California Civil Code Section 2934a (d), (e).

Plaintiff alleges that neither World Savings nor Guarantee provided her with full disclosure of the terms of the loan prior to her signing the loan agreement, including complete documentation of the loan, a loan origination agreement, or a written loan brokerage agreement. Further, plaintiff alleges that her income and assets were never verified by the defendants, and her income did not allow her to qualify for the subject loan. Defendants' failure to place plaintiff into a proper loan which she understood and qualified for has placed plaintiff in "dire financial straits" and in "great danger of foreclosure" (First Amd. Compl. ¶¶ 29–32).

At some point in time, plaintiff also applied for a loan modification and alleges that defendants encouraged her to do so. The processor of the loan-modification application told her that the foreclosure "clock would stop" during the modification process, but it did not. Plaintiff contends that the processor seemed to intentionally stall the process by losing paperwork and failing to return phone calls. Moreover, payments made by plaintiff were either misapplied or not credited to her outstanding obligation, including one payment for $6,000. Plaintiff asserts these accounting inaccuracies render the notice of default void due to substantial error (*id.* ¶¶ 38–39).

Plaintiff asserts that she only recently became aware of the violations by defendants in procuring her a loan. She believed that World Savings would provide her with the "best loan available to her needs." "Plaintiff had relied on the statements and actions of Defendants, placing her faith and confidence in the relationship between Plaintiff and the Defendants to lull her into a false sense of security and misdirect her from the illegal acts of Defendants as alleged . . ." (*id.* ¶¶ 37, 41, 61).

Based on her claims, plaintiff filed a *lis pendens* in *pro per* on December 16, 2010. After retaining counsel, she file an amended *lis pendens* on July 15, 2011 (Rapkine Decl. Exhs. A–B). Defendants Wachovia Mortgage, Golden West, and MERS now move to expunge plaintiff's notices of pending action. Defendants NDEX West and Guarantee Mortgage are not moving parties. This order follows full briefing.

**ANALYSIS**

**1.   STANDARD.**

Federal courts look to the law of the state where the property resides in matters concerning *lis pendens*. *See* 28 U.S.C. 1964. California law provides, "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." CAL. CIV. PROC. CODE § 405.20. California also sets prerequisites to recording the notice in Section 405.21:

> An attorney of record in an action may sign a notice of pendency of action. Alternatively, a judge of the court in which an action that includes a real property claim is pending may . . . approve a notice of pendency of action. A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and

3

> approved by a judge as provided in this section, or (c) the action is subject to Section 405.6 [governing eminent domain].

In opposition to a motion to expunge, the party who recorded the notice of *lis pendens* has the burden of proof. *Id.* § 405.30. In order to carry the burden, the recording party must demonstrate that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." *Id.* §§ 405.31, 405.32. A real property claim is defined as a claim in a pleading "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property." *Id.* § 405.4. Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* § 405.3.

### 2. 2010 *LIS PENDENS*.

Plaintiff filed a *lis pendens* in *pro per* on December 16, 2010. The only way an individual in *pro per* can record a notice of pendency of action is with the approval of a judge. *Id.* § 405.21 ("A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6 [governing eminent domain]."). Plaintiff does not dispute the fact that she acted in *pro per* to record the *lis pendens*, nor does she contend that she acted in accordance with approval from a judge. She merely asserts in her opposition to this motion that her subsequent 2011 *lis pendens* was properly recorded. The 2010 *lis pendens* therefore fails as a matter of law. Accordingly, defendants' motion to expunge the 2010 *lis pendens* is **GRANTED**.

### 3. 2011 *LIS PENDENS*.

Plaintiff's complaint "seeks the imposition of a constructive trust on Subject Property, currently held by Defendant W[achovia]." Plaintiff contends that her *lis pendens* was required by law to be recorded in conjunction with her claim to quiet title. She does not contend that any of her other claims are the basis for recording the *lis pendens*, so this order will only address her claim to quiet title (Opp. 4). Plaintiff, however, fails to carry her burden of establishing by a preponderance that it is more likely than not that she will obtain a judgment against defendants on her claim to quiet title.

4

It is plaintiff's burden to show that her claim to quiet title is a real property claim, and she must establish the probable validity of the quiet-title claim by a preponderance of the evidence. A claim to quiet title is a real property claim by definition because it must include "[a] prayer for the determination of the title of the plaintiff against the adverse claims." CAL. CIV. PROC. CODE § 761.020. Plaintiff contends that she pled all of the required elements to state a claim for relief to quiet title in her first amended complaint (Opp. 4). This, however, is not enough to meet the standard on this motion.

Plaintiff asserts that she will succeed in her claim to quiet title because her home was wrongfully foreclosed upon by defendants. Specifically, she argues that defendants violated California Civil Code Sections 2932.5 and 2934a during and before the foreclosure process (Opp. 5–6).

### A. California Civil Code Section 2934a.

Plaintiff alleges that defendants violated California Civil Code Section 2934a, rendering the subsequent foreclosure sale unlawful. Section 2934a(d) states, "[a] trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents." Subsection (e) adds:

> Notwithstanding any provision of this section or any provision in any deed of trust, unless a new notice of sale containing the name, street address, and telephone number of the substituted trustee is given pursuant to Section 2924f after execution of the substitution, any sale conducted by the substituted trustee shall be void.

Plaintiff asserts that the notice of default was recorded on May 14, 2010, but the substitution of trustee was recorded on May 25. The notice of trustee's sale was not recorded until July 15 (Opp. 6; Repl. 5). Plaintiff asserts that the notice of default was not properly recorded because NDEX had not yet substituted in as trustee. Not so. As defendants point out, Section 2934a, subsection (c) allows the notice of default to be recorded before the substitution of trustee (Reply Br. 5). Subsection (c) states:

> If the substitution is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries or their authorized agents shall cause a copy of the substitution to be mailed, prior to, or concurrently

5

> with, the recording thereof, in the manner provided in Section 2924b, to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b.

Defendants effected the substitution after the notice of default but prior to the recording of the notice of sale. Plaintiff thus fails to establish the violation of Section 2934 as a basis for the validity of her quiet title claim.

### B. California Civil Code Section 2932.5.

Plaintiff next argues that defendants violated Section 2932.5 during the foreclosure process. She alleges that the deed of trust "was not properly assigned, acknowledged and recorded because Defendant NDEX acted on behalf of beneficiary W[achovia] prior to their having the proper authority to act" (Opp. 5). As discussed above, NDEX did not act without proper authority to do so. Furthermore, plaintiff's loan is secured by a deed of trust, not a mortgage, which is not covered by this statute. *See Calvo v. HSBC Bank USA, N.A.*, No. B226494, 2011 WL 4035791, at *2–3 (Cal. Ct. App. Sept. 13, 2011). Accordingly, plaintiff fails to establish Section 2932.5 as the basis for the validity of her quiet title claim.

Plaintiff has thus failed to carry her burden in demonstrating not only that her claim to quiet title is a real property claim, but that she will more likely than not be awarded a judgment for quiet title against defendants. Accordingly, defendants' motion to expunge the 2011 *lis pendens* is **GRANTED**.

Because this order finds that plaintiff has failed to carry her burden in demonstrating the probable validity of her claim to quiet title, this order does not reach defendants' other theories of judicial estoppel and tender. Nor does it address defendants' request that plaintiff be required to post an undertaking in the event the *lis pendens* are not expunged.

### 4. ATTORNEY'S FEES.

Pursuant to California Code of Civil Procedure Section 405.38, defendants request an award of $2,200.00 in attorney's fees for bringing the instant motion. Section 405.38 is discretionary and states that fees can be denied when "circumstances make the imposition of attorney's fees and costs unjust." Defendants argue that they should be awarded their fees

6

because they made multiple requests to plaintiff that she withdraw the *lis pendens* "since the Property was sold at a foreclosure sale and there are no real property claims remaining" (Br. 10).

The circumstances here would render an award of attorney's fees to defendants unjust. *See Cruz v. Wachovia Mortg.*, 775 F. Supp. 2d 1188, 1191 (C.D. Cal. 2011) (Matz, J.). Accordingly, defendants' request for attorney's fees is **DENIED**.

## CONCLUSION

For the foregoing reasons, the motion to expunge the notices of pending action is **GRANTED**, and defendants' request for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 4, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7